Compiler

**IN THE SUPERIOR COURT OF GUAM**

PACIFIC DINING, LLC dba
LONE STAR STEAKHOUSE,

        Plaintiff,

        vs.

QUALITY DISTRIBUTORS,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL CASE NO. CV0559-12**

**DETERMINATION RE
DISQUALIFICATION QUESTION
PER 7 GCA § 6107**

This matter was temporarily assigned to this Court on August 21, 2013 by the Presiding Judge of the Superior Court of Guam in response to the *Objection to Competency of Judge Pursuant to 7 G.C.A.* [sic] *§ 6105(a) and § 6107*, filed February 11, 2013 by Defendant Quality Distributors. (hereinafter "Objection"). Pursuant to 7 GCA § 6107, this Court issues the following determination upon the question of whether Superior Court Judge Maria Cenzon should be disqualified from presiding over the above-captioned case.

**DISCUSSION**

Defendant bases the Objection on Judge Cenzon's disclosure that Her Honor formerly represented the plaintiff as an attorney, prior to becoming a judge. However, in Her Honor's *Response to Motion to Objection to Competency of Judge*, filed February 21, 2013, Judge Cenzon affirms her previous disclosure regarding prior representation, but states: "[I]t is my recollection that I did personally meet with and communicate both in person and by email with Mr. Artero, as the representative of [plaintiff], *albeit on a matter wholly unrelated to the case at bar*." (emphasis added). Further, Judge Cenzon stated therein: "Nevertheless, the court submits that it does not have a personal bias or prejudice concerning any of the parties in this matter, notwithstanding my prior representation of the plaintiff in an unrelated matter over five years ago.

Page 1

This Court is guided by 7 GCA § 6105 is formulating its determination. That statute holds in pertinent part:

> (a) Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, ...
>
> (b) A Judge shall also disqualify himself or herself in the following circumstances ....:
>
>> (1) Where he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>>
>> (2) Where in private practice he or she served as a lawyer in the matter in controversy, or a lawyer with whom he or she previously practiced law served during such association as a lawyer or either has been a material witness concerning the matter;

*7 GCA § 6105* (June 18, 2012).

Applying the above law to the objections and the Judge's disclosures, this Court holds that the prior representation of a party by a judge or his or her firm with regard to a matter unrelated to the litigation before that judge does not by itself warrant recusal. *Laird v. Tatum*, 409 U.S. 824, 93 S.Ct. 7 (1972); *Nat'l Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978); *Darlington v. Studebaker-Packard Corp.*, 261 F.2d 903, 906-907 (7th Cir. 1959), *cert. denied* 359 US 992, 79 S Ct 1121; *School Dist. Of Kansas City, Missouri v. State of Mo.*, 438 F.Supp. 830, 833-34 (W.D. Mo. 1977); *Black v. American Mut. Ins. Co.*, 503 F. Supp. 172 (E.D. Ky. 1980); *City of Coeur d'Alene v. Simpson*, 136 P.3d 310, 315 (Idaho 2006); *Aetna Ins. Co. v. Travis*, 259 P. 1068 (Kan. 1927), *cert. denied* 276 U.S. 628, 48 S.Ct. 321; *Lade v. Keller*, 615 S.W.2d 916, 920 (Tex. Civ. App. 1981); *Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Cr. App. 1970).[1]

The Court notes that some jurisdictions have statutes requiring judicial recusal in this context, even where representation occurred regarding unrelated matters, when the judge was a party's attorney within two years prior to the litigation coming before the court. *See, e.g.,*

---

[1] *See also Air Maroc v. Servair, Inc.*, 603 F.Supp. 836 (S.D.N.Y. 1985); *Wm. T. Burton Industries, Inc. v. Busby*, 348 So.2d 1328 (La. Ct. App. 1977); *People v. Scotts*, 263 N.W.2d 272 (Mich. Ct. App. 1977); *Cain v. Hershewe*, 760 S.W.2d 146 (Mo. Ct. App. 1988) .

Cal.C.C.P. § 170.1(a)(2)(A) & (B)(i); Alaska Statute 22.20.020. Regardless, Judge Cenzon reports her representation of Plaintiff occurred five years ago, so the rationale of those statues is not applicable to this case anyway.

Finally, as noted above, Judge Cenzon also reports she holds no personal bias or prejudice for any party to this action, so that factor does not compel recusal either, notwithstanding that Defendant does not cite bias or prejudice as an issue here.

\\\

\\\

\\\

## CONCLUSION

Therefore, based upon the foregoing, the Court finds and determines there are insufficient grounds by which to disqualify Judge Maria Cenzon from presiding over the above-captioned case per 7 GCA § 6105.

**ISSUED this** _23RD_ **day of August, 2013.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

, do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

AUG 23 2013

James R. Borja
Deputy Clerk, Superior Court of Guam